IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF KANSAS

MARTIN E. O'NEAL,                   )
                                    )
       Plaintiff,                    )
                                    )
  vs.                               )   No. 09-CV-2277 KHV/GLR
                                    )
UNION PACIFIC RAILROAD COMPANY,     )   TRIAL BY JURY DEMANDED
                                    )
       Defendant.                    )

## COMPLAINT

NOW COMES the Plaintiff, MARTIN E. O'NEAL, by and through his attorneys, KENNETH E. BARNES of the BARNES LAW FIRM, LLC, and CRAIG W. CHURCH of HOEY & FARINA, P.C., and for his Complaint against the Defendant, UNION PACIFIC RAILROAD COMPANY, states as follows:

    1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. § 56 and Title 28 U.S.C. § 1331.

    2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. §§ 51, et seq.

    3. At all times herein, Defendant UNION PACIFIC RAILROAD COMPANY was a common carrier by railroad engaged in interstate commerce.

    4. At all times herein, Defendant UNION PACIFIC RAILROAD COMPANY, was a common carrier by railroad engaged in interstate commerce.

    5. On August 14, 2006, and at all pertinent times, Defendant UNION PACIFIC

RAILROAD COMPANY owned, maintained and operated the Tenth Street Fuel Track in Kansas City, Kansas.

6. On August 14, 2006, Plaintiff MARTIN E. O'NEAL was employed by Defendant UNION PACIFIC RAILROAD COMPANY as a locomotive engineer on the MFWMP-12 job in Kansas City, Kansas.

7. On August 14, 2006, Plaintiff MARTIN E. O'NEAL was instructed to utilize the Tenth Street Fuel Track as a designated crew change location while performing his work duties for Defendant UNION PACIFIC RAILROAD COMPANY.

8. At the time and place alleged, Plaintiff MARTIN E. O'NEAL severely injured his lower back as a result of the distance required to detrain and unsafe ground conditions.

9. At the time and place alleged, Defendant UNION PACIFIC RAILROAD COMPANY had a non-delegable duty to provide Plaintiff MARTIN E. O'NEAL with a reasonably safe place to work.

10. In violation of its duties, Defendant UNION PACIFIC RAILROAD COMPANY committed one or more of the following negligent acts or omissions:

  (a) failed to provide Plaintiff with a reasonably safe work place;

  (b) failed to warn Plaintiff of the unsafe ground conditions;

  (c) violated FRA regulations, and OSHA;

  (d) failed to inspect the yard on a regular basis for unsafe conditions;

  (e) failed to maintain the yard in a safe condition;

  (f) ordered Plaintiff to perform his job duties at an unsafe location;

  (g) failed to warn Plaintiff of an unsafe condition;

  (h) violated the Federal Railway Safety Act, Title 45 U.S.C. 53, 54 and 54(a);

   (i) failed to provide a reasonably safe surface for crews to dismount equipment.

   (j) negligently and carelessly failed to properly inspect, maintain and process its roadbed, ballast and property so that the same could be used with safety by its employees;

   (k) negligently and carelessly failed to provide secure footing conditions for its train crews;

   (l) failed to furnish Plaintiff with a reasonably safe platform to dismount and access the train;

   (m) failed to follow it s own standards and industry standards for crew change locations; and

   (n) failed to repair and maintain its crew change location in a reasonably safe condition.

11. Defendant UNION PACIFIC RAILROAD COMPANY'S failure to provide Plaintiff MARTIN E. O'NEAL with a reasonably safe place to work by one or more of the aforementioned negligent acts or omissions caused, in whole or in part, Plaintiff's injuries.

12. As a consequence, Plaintiff MARTIN E. O'NEAL incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff MARTIN E. O'NEAL has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff MARTIN E. O'NEAL has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

WHEREFORE, Plaintiff MARTIN E. O'NEAL demands judgment in his favor and against Defendant UNION PACIFIC RAILROAD COMPANY in a sum to be determined by the jury, plus the costs of this suit.

**JURY TRIAL DEMAND**

Pursuant to Fed.R.Civ.P. 38, the Plaintiff MARTIN E. O'NEAL demands a trial by jury.

**DESIGNATION OF PLACE OF TRIAL**

Pursuant to U. S. District Court, District of Kansas Local Rule 40.2, Plaintiff MARTIN E. O'NEAL designates Kansas City, Kansas as the place for trial.

Respectfully submitted,

 s/ Kenneth E. Barnes
Kenneth E. Barnes, KS Bar No. 19381
Attorney for Plaintiff Martin E. O'Neal
THE BARNES LAW FIRM, L.L.C.
1100 Main Street, Suite 2600
Kansas City, MO 64105
Telephone:    816.876.2600
Fax No.:       816.221.8763
Email: kbarnes@law4321.com

and

Craig W. Church
Attorney for Plaintiff Martin E. O'Neal
HOEY & FARINA, P.C.
542 S. Dearborn Street, Suite 200
Chicago, IL 60605
Telephone:    312.939.1212
Fax No.:       312.939.7842
Email: wmcmahon@hoeyfarina.com

4